J-S77032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GENNARO RAUSO, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PIERRE LATOUR III, | : | |
| | : | |
| Appellee | : | No.  1491 EDA 2018 |

Appeal from the Order Entered March 13, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 171200232

BEFORE:  OTT, J., DUBOW, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 25, 2019**

Gennaro Rauso *pro se* appeals from the order entered on March 13, 2018, which sustained preliminary objections filed by Pierre LaTour, III, and dismissed Rauso's complaint with prejudice.  Upon review, we vacate the order and remand for proceedings consistent with this memorandum.

We set forth the following relevant factual and procedural history of this case.  LaTour is an attorney who represented Rauso with respect to a 2010 criminal matter in the United States District Court for the Eastern District of Pennsylvania.  Rauso claims that he and LaTour entered into an agreement whereby LaTour would represent Rauso for $15,000.  Rauso claims he made an initial payment of $5,000, and paid an additional $2,500 for a private

---

* Retired Senior Judge assigned to the Superior Court.

investigator. While represented by LaTour, Rauso entered into a guilty plea on these charges and was sentenced on June 20, 2011. Rauso remains incarcerated.

On December 5, 2017, Rauso *pro se* filed the civil complaint in this case against LaTour claiming that LaTour's representation of Rauso was inadequate in numerous respects. Specifically, Rauso set forth claims for unjust enrichment, breach of contract, and conversion. **See** Complaint, 12/5/2017, at 14-16. On January 24, 2018, LaTour filed preliminary objections to the complaint, which included a claim that this action was barred by the statute of limitations.

On February 13, 2018, Rauso filed a motion for extension of time to file a response to the preliminary objections. The trial court granted that motion and permitted Rauso an additional 45 days from the date of the order to file a response. Prior to the end of the allotted 45-day period, on March 13, 2018, the trial court sustained LaTour's preliminary objections and dismissed the complaint with prejudice. Rauso timely filed a notice of appeal. The trial court did not order Rauso to file a concise statement of errors complained of on appeal, but did author an opinion pursuant to Pa.R.A.P. 1925, concluding that Rauso's claims are barred by the statute of limitations.

On appeal, Rauso contends the trial court erred by not permitting him to file a response to the preliminary objections, by not developing an

evidentiary record, and by not providing him the opportunity to amend his complaint. **See** Rauso's Brief at 5, 8-11.

After careful review, we agree with Rauso that he was deprived of the opportunity to respond to the preliminary objections.  The trial court's order was clear.  Rauso was to have 45 days, or until April 2, 2018, to file a response.  Nevertheless, the trial court sustained the preliminary objections on March 13, 2018, a mere 28 days later.  Rauso was entitled additional time to file that response; therefore, we vacate the order of the trial court and remand for proceedings consistent with this memorandum.

Order vacated.  Case remanded for proceedings consistent with this memorandum.  Jurisdiction relinquished.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: _1/25/2019_